Barnard, P. J.
The plaintiff’s right to recover has been decided by the ■court of appeals. (See 8 N. Y. State Rep., 551.) The question presented by the defendant upon a former action was whether Franklin Newman, Jr., had an estate in reversion under a trust deed from him for the benefit of his wife. The court of appeals decided that he had. This is an action to recover an "interest in certain lands upon that basis. The lands are part of the estate conveyed under the trust deed and when this case was decided the court of appeals ■decision had not been made. It was proven that the land was part of a trust ■estate and that Franklin Newman, Sr., had deeded an interest therein to the plaintiff and that Franklin Newman, Sr.’s, wife had died, and that the reversion thereby fell in. The court directed a verdict for the defendant. The •action was brought against one Bishop, who was the tenant of the defendant, and the defendant. Upon one of the trials the action was dismissed as to Bishop. Upon the last trial the verdict was ordered in favor of the defendant upon the merits. The defendant who was a proper party under section 1502 of the code claimed title as trustee and denied Franklin Newman’s rights to the reversion. Upon a trial of this action it was admitted that the defendant was “ now in possession.” It is too late after this admission to claim that the right of the parties should fail because of an erroneous ruling on a former trial as to Bishop, who was then in posession under the defendant. The former action is not a bar to this one. A certain part of the trust estate was in government bonds and that action is brought to recover them. This action is brought to recover an interest in land which was part of the trust estate. That it was improperly put in land instead of personal security is no defense to the trustee who made the investment.
The judgment should be reversed and a new trial granted, costs to abide ■event.
Pbatt and Dykman, JJ., concur.